## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT, | : |
| -of- | : |
| Atlantic Subsea, Inc., as Owner and/or Owner *pro hac vice* of a 150-foot barge named "ALFALFA" and a 25-foot tugboat named "MR. SMITH", for Exoneration from or Limitation of Liability, <br> 108 Ferry Road <br> Bridgeport, New Jersey 08014 | : Civil Action No.: |
| Plaintiff/Petitioner, | : |
| v. | : |
| The City of Philadelphia, <br> 1515 Arch Street, #15 <br> Philadelphia, PA 19102 | : |
| Claimant(s). | : |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Atlantic Subsea, Inc., as Owner and/or Owner *pro hac vice* of a 150-foot barge named "ALFALFA" and a 25-foot tugboat named "MR. SMITH", by and through its attorneys Kaufman, Dolowich & Voluck, LLP, as and for its Complaint for Exoneration from or Limitation of Liability, allege upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, as hereinafter more fully appears ("Limitation Action").

2. The Court has admiralty and maritime jurisdiction over this proceeding pursuant to Article III, Section 2 of the Constitution of the United States and 28 U.S.C. § 1333, because the alleged incident involved a vessel operating upon the navigable waters of the United States, more specifically on the Schuylkill River, in Pennsylvania, and this satisfies the requirements for invoking the Court's admiralty jurisdiction.

3. Venue in this district is proper because all of the events giving rise to this action took place in Philadelphia County, Pennsylvania. The current location of the Vessels is not known with certainty.

## THE PARTIES

4. Petitioner at all pertinent times was and now is an entity incorporated in the State of New Jersey.

5. Petitioner was at all relevant times the Owner *pro hac vice* of a 150-foot barge named "ALFALFA" and a 25-foot tugboat named "MR. SMITH," (collectively, the "Vessels").

## FACTUAL BACKGROUND

6. On September 16, 2020, the Vessels were upon the navigable waters of the United States, on the Schuylkill River, in Philadelphia, Pennsylvania in vicinity of the Grays Ferry Swing Bridge (the "Bridge").

7. Upon information and belief, the Bridge was at the time of the aforesaid incident, and remains, in the process of being converted from a railroad bridge to a pedestrian bridge (the "Project").

8. On the aforesaid date, MR. SMITH was in the process of moving the ALFAFA downriver toward Fort Mifflin.

9. During the course of the voyage, it is alleged that the ALFAFA allided with the Bridge's west pier fender system and/or the western side of the Bridge's center pier fender system and/or the fender system for the Grays Ferry Avenue vehicular bridge, purportedly causing damage requiring repair and/or replacement.

10. The incident resulted in allegations of property damage and/or delay costs, including potential claims by the City of Philadelphia and/or the general contractor of the Project, AP Construction Co., Inc. and/or other unknown parties.

11. After the incident, the Vessels proceeded to Fort Mifflin, in the City of Philadelphia.

12. The current location of the Vessels is not known. Subsequent to the incident, the Alfalfa was returned to its owner in Richmond County (Staten Island), New York, and the Mr. Smith was returned to its owner in Baltimore, Maryland.

## **RELIEF SOUGHT**

13. Any claims for loss, damage, and/or injury arising from the alleged incident were not due to any fault, neglect, or want of care on the part of Petitioner.

14. Any claims for loss, damage, and/or injury arising from the alleged incident were solely caused by the actions and/or negligence of the potential claimants and/or a third-party for whom Petitioner is not responsible, and not due to any fault, neglect, or want of care on the part of Petitioner.

15. If any fault on the part of Petitioner caused or contributed to the claims for loss, damage, and/or injury arising from the alleged incident, which is denied, such fault, neglect, or want of care was occasioned and occurred without Petitioner's privity or knowledge. Petitioner acted reasonably under the circumstances.

16.     The value of the ALFALFA after the alleged incident was $150,000 (Exhibit "A", ALFALFA valuation).

17.     The value of the MR. SMITH after the alleged incident was $175,000 (Exhibit "B", MR. SMITH valuation).

18.     Petitioner offers an Ad Interim Stipulation for value totaling the amount of $325,000, said amount being not less than Petitioner's interest in the value of the Vessels on the date of the alleged incident, for payment into Court whenever the same shall be ordered, as provided for by the aforesaid statute, and by Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and by the rules and practices of this Court. (Exhibit "C", Ad Interim Stipulation for Value).

19.     The nature of the alleged claims for property damage and delay costs have an amount that may exceed the value of Petitioner's interest in the Vessels on the date of the alleged incident.

20.     The Petitioner commenced this proceeding within six months of receiving written notice of any claims.

21.     Petitioner is entitled to exoneration from liability for any claims arising from the aforementioned alleged incident, and from any and all claims that have been or may hereafter be made.

22.     Petitioner claims, in the alternative, the benefit of limitation of liability to the value of the Vessels provided by 46 U.S.C. § 30501 *et seq.*, and the various statutes supplementary thereto and amendatory thereof.

WHEREFORE Petitioner, Atlantic Subsea, Inc., prays:

(1)     That this Honorable Court issue an Order to include the following:

      a.    Directing the issuance of Notice to all persons, firms, entities or corporations asserting claims with respect to the September 16, 2020 alleged incident, which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve undersigned counsel for Petitioner a copy hereof on or before a date to be named in the Notice;

      b.    Directing Petitioner to file an *Ad Interim* Stipulation for Value as security for the benefit of any and all claimants, in the amount of Petitioner's interest in the value of the Vessels as of the date of the alleged incident, with interest at the rate of 6% *per annum* from the date of said security or whenever the Court shall so order;

      c.    Enjoining the prosecution of any and all proceedings already begun arising out of the Vessels' voyage, including any proceedings arising out of the September 16, 2020 incident herein, and enjoining the commencement hereafter of any suits or proceedings of any nature against Atlantic Subsea, Inc., its agents, representatives or insurers, or against the Vessels, in any respect of any claim arising out of the aforesaid voyage and casualty, except in this proceeding;

(2)    That this Honorable Court adjudge that Petitioner is not liable for any claims for loss, damage, and/or injury arising out of the September 16, 2020 alleged incident, and is therefore entitled to exoneration from liability;

(3)    If Petitioner is adjudged liable, that such liability be limited to Petitioner's interest in the value of the Vessels as of the date of the alleged incident in the maximum

amount of $325,000, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided *pro rata* according to the above-mentioned statutes among such claimant(s) as may duly prove its/their claim saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(4) That Petitioner may have such other and further relief as justice may require.

        Respectfully submitted this 15th day of March 2021,

        **KAUFMAN DOLOWICH & VOLUCK, LLP**

By: _____
        Marc R. Lynde, Esquire
        930 Harvest Drive
        Suite 460
        Blue Bell, PA 19422
        Phone: (215) 461-1100
        Fax: (215) 405-2973
        mlynde@kdvlaw.com
        *Attorneys for Petitioner*
        *Atlantic Subsea, Inc.*